SADIE C. TAYLOR v. FRANK THOMAS WRIGHT AND AMBROSE TAYLOR

No. 7019SC361

(Filed 5 August 1970)

Damages §§ 10, 13— evidence of hospital and medical expenses — exclusion — payment by insurance

Where, in a personal injury action, it was stipulated that all of plaintiff's medical and hospital expenses had been paid by the defendant's insurance carrier, it was not reversible error for the trial court to exclude from jury consideration the plaintiff's evidence of her hospital and medical expenses.

On *certiorari* to review trial before *Lupton, J.*, 2 June 1969 Session, RANDOLPH Superior Court.

Because of the absence of the court reporter for the 19th District and the consequent inability of counsel to timely obtain a verbatim transcript of the record of trial, this Court allowed *certiorari* to perfect a late appeal.

Plaintiff brought this action to recover for personal injuries alleged to have been suffered in an automobile accident

on 20 March 1967 by reason of the joint and concurring negligence of defendants.

The jury answered that defendant Wright was not negligent, that defendant Taylor was negligent, and awarded damages in the sum of $500.00. Plaintiff appealed.

*John Randolph Ingram for plaintiff.*

*Smith, Moore, Smith, Schell & Hunter, by Richmond G. Bernhardt, Jr., for defendant Wright.*

*Perry C. Henson and Daniel W. Donahue for defendant Taylor.*

BROCK, J.

During the course of the presentation of plaintiff's evidence, it was stipulated by plaintiff "that all of the plaintiff's medical and hospital expenses had been paid by the defendant Taylor's insurance carrier." Based upon this stipulation, the trial judge would not allow plaintiff to offer evidence of the amount of the medical and hospital expenses; and he instructed the jury that medical and hospital expenses were not involved in the case. Plaintiff assigns this as error.

In this jurisdiction plaintiff is not entitled to a double recovery, *Tart v. Register,* 257 N.C. 161, 125 S.E. 2d 754; and plaintiff would therefore have had to submit to a reduction in the verdict by the amount paid by defendant's insurance carrier had the trial judge allowed the evidence to be considered by the jury.

Although we do not consider that it would have necessarily constituted reversible error had the trial judge allowed plaintiff to offer evidence of her medical and hospital expenses, and then to have reduced the verdict by the amount already paid by defendant's carrier, we hold that it was not reversible error in this case for the trial judge to exclude the evidence from consideration by the jury.

Plaintiff's remaining assignments of error have been considered and are overruled.

No Error.

BRITT and HEDRICK, JJ., concur.